1
2
3
4
5
6
7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LANCE R. MARTIN, <br> 12  CDCR #E-17299, <br><br> 13                                                Plaintiff, <br> 14 <br> 15 <br> 16                          vs. <br> 17 <br> 18 <br> 19  CULINARY COOK POST; <br>     F. RUNAS; SERGEANT RUTLEDGE; <br> 20  LIEUTENANT ALLAMBY; <br>     K.A. SEIBEL, <br> 21 <br> 22                                          Defendants. <br> 23 <br> 24 | Civil        15cv0472 BEN (JMA) <br> No. <br><br> **ORDER:** <br><br> **(1) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF No. 3];** <br><br> **(2)  GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS,* **IMPOSING NO PARTIAL FILING FEE AND GARNISHING $ 350 BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 2]; and** <br><br> **(3)  DISMISSING COMPLAINT AS FRIVOLOUS AND FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

25

## I.

26

### PROCEDURAL HISTORY

27

    Plaintiff, Lance R. Martin, a state prisoner currently incarcerated at the Richard

28

J. Donovan Correctional Facility ("RJD")  and proceeding in pro se, has filed a civil

rights Complaint pursuant to 42 U.S.C. § 198.  (ECF No. 1).  Plaintiff has also filed a certified copy of his inmate trust account statement, which the Court has liberally construed as a Motion to Proceed *In Forma Pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a), along with a Motion for Preliminary Injunction.  (ECF No. 3.)

## II.

### MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed a Motion for Preliminary Injunction pursuant to FED.R.CIV.P. 65(a). Rule 65 of the Federal Rules of Civil Procedure provides that "the court may issue a preliminary injunction only on notice to the adverse party." FED.R.CIV.P. 65(a).  As a preliminary matter, Plaintiff's Motion for Injunction does not comply with Rule 65(a)'s important procedural notice requirement.  Here, Plaintiff has not demonstrated that his Complaint, or his Motion have been served on any named Defendant.

Plaintiff's Motion does not comply with this elemental procedural requirement of Federal Rule of Civil Procedure 65(a).  Thus, the Court must **DENY**, without prejudice, Plaintiff's Motion for Preliminary Injunction (ECF No. 3) pursuant to FED.R.CIV.P. 65(a).

Even if Plaintiff had properly served Defendants with notice of this Motion, this Motion would be denied.  "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citation omitted).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).  As set forth in detail below, the Court finds that dismissal of this action for failing to state a claim and as frivolous is appropriate following sua sponte screening.  Therefore, Plaintiff is unable to show, for purposes of his Motion, that he is "likely to succeed on the merits." *Id.*

15cv0427 BEN (JMA)

## II.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if a prisoner, like Plaintiff, is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, __ F.3d __, 2015 WL 74144 at *1 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, but it shows that he insufficient funds from which to pay a partial initial civil filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### III.

### Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

§ 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**A.    Rule 8**

Plaintiff's Complaint is difficult to decipher as many of the claims Plaintiff's is attempting to allege are disjointed and incomprehensible. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2). Here, the Court finds that Plaintiff's Complaint falls shorts of complying with Rule 8.

/ / /

### B.    Frivolous claims

Plaintiff's Complaint also sets forth claims that appear to be delusional.   A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Plaintiff claims Defendants are "mingling [his food] in liquid rendered grease" and "human waste."  (Compl. at 9.)

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  This Court takes judicial notice that Plaintiff has made nearly identical food contamination claims in actions arising when he was housed in prisons located within the jurisdictional boundary of the Eastern District of California. *See Martin v. Gonzales, et al.*, E.D. Cal. Civil Case No. 1:05-cv-00629-AWI-SMS; *see also Martin v. Cope, et al.*, E.D. Cal. Civil Case No. 1:09-cv-01617-DLB.  Plaintiff also alleged these same claims against different Defendants in *Martin v. Giurbino, et al.* S.D. Cal. Civil Case No. 3:13-cv-1430-JAH-BGS.  In this matter, the District Court Judge also found similar claims to be frivolous and dismissed the action.  (*Id.*, ECF No. 19.) Plaintiff appealed but the Ninth Circuit Court of Appeals found Plaintiff's appeal to be frivolous as well.  (*Id.*, ECF No. 26.)

Here, the Court finds the claims in Plaintiff's Complaint  to be frivolous because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

### C.    Eighth Amendment claims

Plaintiff also claims that Defendants have denied him adequate medical care. Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991),

*overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60.  By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Here, Plaintiff's Complaint contains no comprehensible factual allegations from which any of the named Defendants could be found to be deliberately indifferent to his serious medical needs.  Plaintiff claims that his "cholesterol levels have been unlawfully elevated by Defendants" which is now "causing cardiovascular disease." (Compl. at 10-11.)  Objectively, cardiovascular disease may be considered a  "serious medical need." However, there are no plausible allegations that any of the named Defendants caused Plaintiff's alleged medical condition or failed to provide medical care.

Thus, Plaintiff's Eighth Amendment  inadequate medical care claims  are dismissed for failing to state a claim upon which relief can be granted.

/ / /

/ / /

## IV.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion for Preliminary Injunction (ECF No. 3) is **DENIED**.

2.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

3.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.    The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5.    Plaintiff's Complaint is **DISMISSED** without prejudice as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v.*

1    *Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

2          6.      The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

3          **IT IS SO ORDERED.**

4

5    DATED:  March 16, 2015

6                                                    _____

7                                                    Hon. Roger T. Benitez
                                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15cv0427 BEN (JMA)